UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RACHEL REGINA AND TRAVIS REGINA** | **CIVIL NO.** |
| **Plaintiffs,** | **JUDGE:** |
| **VERSUS** | |
| | **MAGISTRATE:** |
| **SAFEPORT INSURANCE COMPANY** **Defendant.** | |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant, SafePort Insurance Company ("SafePort"), which files this Notice of Removal pursuant to 28 U.S.C. § 1332 and 1441 to hereby remove this matter from state court to the docket of this Honorable Court and respectfully represents the following:

### BACKGROUND

**1.**

This action has been brought in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, entitled *Rachel Regina versus SafePort Insurance Company,* bearing Civil Action Number 839-767, Division "A," with the Petition for Damages and Demand for Jury Trial being filed on April 14, 2023. (See Petition for Damages and Demand for Jury Trial, hereinafter sometimes referred to as the "Petition," and attached as part of Exhibit A.)

**2.**

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant in said action are attached hereto as Exhibit A.

**3.**

This action is a civil action brought by Plaintiffs, Rachel Regina and Travis Regina, seeking

to recover damages as alleged in Plaintiffs' Petition (attached hereto as part of Exhibit A).

**4.**

Receipt of notice of the suit was received by Defendant, SafePort, via service of process on the Louisiana Secretary of State on or about May 3, 2023; therefore, removal is timely under 28 U.S.C. § 1446(B)(1)-(3).

**BASIS OF REMOVAL**

**5.**

The grounds for removal are diversity of citizenship under 28 U.S.C. § 1332 and 28 U.S.C. § 1441—the Defendant is completely diverse from the Plaintiffs and the amount in controversy exceeds $75,000.00, in light of the damages alleged in Plaintiffs' Petition.

**6.**

Plaintiffs are citizens of the State of Louisiana.

**7.**

Defendant, SafePort Insurance Company is a corporation incorporated in the State of Florida, with its principal place of business in North Carolina.

**8.**

On information and belief, no other co-defendants have been named or served, and upon further information and belief, all other co-defendants would consent to removal.

**9.**

Because complete diversity exists between Plaintiffs – citizens of Louisiana – and Defendant – which is incorporated and has its principal place of business in North Carolina – diversity of citizenship exists among the parties.

**10.**

Defendant denies liability for any damages sought by Plaintiffs; however, upon information and belief, the amount in controversy exceeds the requisite jurisdictional amount of $75,000.00.

**11.**

Plaintiffs, Rachel Regina and Travis Regina, allege that their residential property located at 2544 Weather Place, Marrero, Louisiana 70072, was damaged by Hurricane Ida. Specifically, Plaintiffs claim that their property sustained $80,881.16 in damages ($62,900.87 dwelling, $9,104.79 other structures, and $8,875.50 loss of use) as a result of Hurricane Ida (See Plaintiffs' Sworn Statement of Loss, attached hereto as Exhibit B).  Accordingly, Defendant submits that the claimed damages could easily place the amount in controversy in excess of $75,000.00.

**12.**

The United States Fifth Circuit has found that penalties, statutory damages and punitive damages are to be included in ascertaining the amount in controversy.  *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998).  Relying on this precedent, Louisiana District Courts have included penalties sought under both La. Rev. Stat. 22:1892 and 22:1973 to ascertain the amount in controversy.  *See also Pardue v. River Thames Ins. Co.,* 651 F.Supp. 143, 144 (M.D. La. 1986)(penalties for arbitrary and capricious non-payment of insurance claims included when calculating jurisdictional amount in controversy.)  Thus, upon information and belief, the amount in controversy is beyond the $75,000.00 requirement.

## REMOVAL PROCEDURE

**13.**

This Notice of Removal is filed within 30 days of the receipt by or service upon the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.

**14.**

The state court action was commenced on April 14, 2023, and this removal has been filed within 1 year after its commencement.

**15.**

Venue is proper within the Eastern District of Louisiana because the matter is being removed from the 24th Judicial District Court for the Parish of Jefferson—a court which the Eastern District of Louisiana embraces, and more specifically:

> Hon. Raymond S. Steib, Jr.
> Judge, Division "A"
> 24th Judicial District Court
> 200 Derbigny Street
> Gretna, Louisiana 70053

**16.**

Under 28 U.S.C. §1446(d), the mover affirms that it will give written notice of this removal to all adverse parties and will file a copy of the Notice with the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

**17.**

Pursuant to 28 U.S.C. §1447(b), mover identifies all counsel as follows:

a. *Counsel for Plaintiffs — Rachel and Travis Regina*
   Brian Reaney, Esq.
   Matthew J. Averill
   Morgan Law Group

      1331 Ochsner Blvd., Suite 101
      Covington, Louisiana 70433
      Telephone: 504-399-6595/Fax: 985-202-6125
      Email: breaney@morganlawgroup.net
            maverill@morganlawgroup.net
            mlg.eservice@morganlawgroup.net

b. *Counsel for Defendant— SafePort Insurance Company*
   James A. Prather, Esq.
   Joshua H. Dierker, Esq.
   Galloway, Johnson, Tompkins, Burr & Smith
   #3 Sanctuary Boulevard, Third Floor
   Mandeville, Louisiana 70471
   Ph. (985)-674-6680 / Fax (985)-674-6681
   Email: jprather@gallowaylawfirm.com
         jdierker@gallowaylawfirm.com

**18.**

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal.  He likewise certifies that to the best of his knowledge, information, and belief formed after reasonable inquiry, the Notice is well-grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

**WHEREFORE,** Defendant, SafePort Insurance Company, prays that this Notice of Removal be accepted as good and sufficient, and that this civil action be removed from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the docket of this Honorable Court for trial and determination as provided by law, and that this Court enter such Orders and issue such process as may be proper, including copies of records and proceedings of the action from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, and then proceed with the civil action as if it had been originally commenced in this Court.

Respectfully submitted,

**GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH, APLC**

  */s/ James A. Prather*
**JAMES A. PRATHER (#20595)
JOSHUA H. DIERKER (#35109)**
3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana 70471
Ph. 985-674-6680/Fax 985-674-6681
Email: jprather@gallowaylawfirm.com
         jdierker@gallowaylawfirm.com
*Counsel for SafePort Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2023, a copy of the foregoing pleading has been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2) or via the court's CM/ECF system.

  */s/ James A. Prather*
**JAMES A. PRATHER**